IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE M WILLIAMS,

    Plaintiff,

v.                                                              CASE NO. 1:13-cv-33-SPM-GRJ

PCR, INC./CLAIRIANT CORP.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is a pleading docketed as Plaintiff's *pro se* complaint. (Doc. 1.) Plaintiff has neither paid the $350.00 filing fee nor moved for leave to proceed as a pauper. Further, the pleading is styled as a "notice of appeal" and seeks to appeal a decision of the Florida Supreme Court in Plaintiff's state-court worker's compensation case. It is evident that the Court lacks subject matter jurisdiction over Plaintiff's appeal. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court may, *sua sponte*, dismiss an action if it determines that it lacks subject matter jurisdiction.

This Court does not have appellate or certiorari jurisdiction to review state court proceedings. *See District of Columbia Ct. Of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Furthermore, in the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions. "Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 14 (1987); *see also Younger v. Harris,* 401 U.S. 37 (1971).

A careful review of the pleading reveals no arguable basis for this Court's jurisdiction. The Court therefore concludes that amendment of the pleading would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED**, *sua sponte*, by the Court for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. It is further recommended that any pending motions should be terminated and the clerk should be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida this 14th day of February 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**